**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Lizette Rodriguez (SBN 335182)
*lizette@tomorrowlaw.com*
1460 Westwood Blvd.
Los Angeles, California, 90024
Tel; (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, Blanca Brenes,

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| BLANCA BRENES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIVE BELOW, INC., a Pennsylvania Corporation; CHRISTINA TORRES, and individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 1:25-cv-00401-BAM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>HEARING DATE:      June 16, 2025 |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood BLvd.
Los Angeles, California 90024
(310) 438-5555

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ACTION, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

I.    PROCEDURAL HISTORY ........................................................................1

II.   LEGAL STANDARDS ...............................................................................2

    A.    Motion to Compel Arbitration.................................................................2

III.  ARGUMENT ...............................................................................................2

    A.    The Purported Arbitration Agreement Is Unconscionable and Thus Unenforceable...............................................................................2

        1.    The Purported Arbitration Agreement Is Procedurally Unconscionable .................................................................3

        2.    The Purported Arbitration Agreement Is Undoubtedly Substantively Unconscionable ......................................................5

            a)    The purported Agreement's provisions mirror those found highly unconscionable in *Cook v. University of Southern California.* .........................................................5

            b)    The purported wholesale waiver of representative PAGA standing is illegal and substantively unconscionable...............................................................8

            c)    The purported agreement improperly limits the delegation of the Class and PAGA Waiver.......................8

    B.    The Purported Arbitration Agreement Cannot Be Salvaged by Severing Any Particular Terms .............................................................9

IV.   CONCLUSION............................................................................................11

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ACTION, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

<u>Cases</u>

*Ajamian v. CantorCO2e, L.P.*, 203 Cal.App.4th 771, 794 (2012)..............................4

*Alberto v. Cambrian Homecare*, 91 Cal.App.5th 482, 492 (2023).......................6, 8

*Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 113 (2000) ......................................................................................................3, 4, 6, 8, 10

*Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (2015)..................................................2

*Cook v. University of Southern California* 102 Cal.App.5th 312 (2024) ..........5, 6, 7

*Davis v. Kozak*, 53 Cal.App.5th 897, 905 (2020) ......................................................3

*Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092-93 (9th Cir. 2014)...........................2

*Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002)......2

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) .................2, 6

*Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 383 (2014) ...................8

*Lhotka v. Geographic Expeditions, Inc.* 181 Cal.App.4th 816, 821 (2010) ...............3

*Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003) ...................................3, 4

*Nguyen v. Applied Med. Resources Corp.*, 4 Cal.App.5th 232, 246 (2016) ...............4

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978) ...............................4

*Oswald v. Murray Plumbing and Heating Corp.*, 82 Cal.App.5th 938, 943 (2022)...8

*Ramirez v. Charter Communications, Inc.*, (2024) 16 Cal. 5th 478, 498-499 ........7, 9

*Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 911(2015) ..........................5

*Serafin v. Balco Props. Ltd., LLC*, 235 Cal.App.4th 165 (2015)................................3

*Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal.4th 1109, 1145 (2013) ..........................5

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1030 (9th Cir. 2016) ............................6

*Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906, 1924–25 (2022)...................8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ACTION, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a wage and hour class action in which Plaintiff Blanca Brenes ("Plaintiff") asserts an array of claims premised on Defendants' various alleged violations of the California Labor Code. Hoping to evade a ruling on the merits of these claims, Defendants have filed the instant Motion demanding that the Court issue an order compelling arbitration of Plaintiff's individual claims and further demanding that the Court dismiss her class claims.

The Motion must be denied in full, however, on the basis that it is clearly unconscionable and thus unenforceable. The agreement is undeniably adhesive, presented to the employee with no chance to negotiate in the starkly unequal setting of the employer-employee relationship. Indeed, Defendants' own evidence establishes that the purported arbitration agreement was a mandatory condition of employment. Further, the purported agreement contains numerous unconscionable terms, amounting all together to a high degree of substantive unconscionability. These include: (1) the very same trifecta of broad scope, infinite duration, and lack of mutuality in the claims that led to a finding of high unconscionability in the Court of Appeal's recent decision in *Cook v. University of Southern California*; (2) an unlawful wholesale waiver of the employee's right to bring representative claims under the California Private Attorneys General Act ("PAGA"); and (3) a one-sided and unjustified carve-out for the delegation of the enforceability of the class and PAGA waiver. Accordingly, the agreement cannot be cured except through reformation, which courts cannot do as they are not in the province of rewriting agreements for private parties.

### I.    PROCEDURAL HISTORY

Plaintiff filed a civil complaint in the Superior Court of California for the County of Fresno, Case No.: 25CECG00874 (the "Action"), asserting several causes of action against Defendants, premised on various violations of the California Labor

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Blvd
Los Angeles, California 90024
(310) 438-5555

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ACTION, OR IN THE ALTERNATIVE TO COMPEL ARBITRATION

Code, along with a claim under Business & Professions Code section 17200 ("UCL") for unfair competition. Defendants then removed this action to this court on April 7, 2025. Thereafter, Defendant filed the instant motion ("Motion").

## II.   LEGAL STANDARDS

### A.   Motion to Compel Arbitration

Under the Federal Arbitration Act ("FAA"), a party seeking to enforce an arbitration agreement may petition the Court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. To determine whether to grant a motion to compel arbitration, courts consider two "gateway" questions: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (2015). Because arbitration is a creation of contract, a court may compel arbitration only when there is a "clear agreement" to arbitrate between the parties. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092–93 (9th Cir. 2014) (citations omitted). "When determining whether a valid contract to arbitrate exists, [courts] apply ordinary state law principles that govern contract formation." *Id.* at 1093; citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002).

## III.   ARGUMENT

### A.   The Purported Arbitration Agreement Is Unconscionable and Thus Unenforceable

"To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003); *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). Accordingly, California courts assessing the enforceability of a purported arbitration agreement follow California state law principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

California law provides that an arbitration agreement must meet certain "minimum requirements" of fairness to be enforceable. *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 113 (2000). A finding that these minimum standards of fairness have *not* been met—in other words, that the purported agreement is unconscionable—requires "both a *procedural* and a *substantive* element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, [and] the latter on 'overly harsh' or 'one-sided' results." *Id*. at 99. Procedural and substantive unconscionability "need not be present to the same degree" but are instead considered on a "sliding scale" relative to each other. *Davis v. Kozak*, 53 Cal.App.5th 897, 905 (2020). Thus, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Lhotka v. Geographic Expeditions, Inc.* 181 Cal.App.4th 816, 821 (2010).

### 1.     The Purported Arbitration Agreement Is Procedurally Unconscionable

The "procedural" prong under *Armendariz* concerns the manner in which the contract was negotiated and by which the consent of the parties was obtained: "[t]he procedural element of an unconscionable contract generally takes the form of a contract of adhesion, 'which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003). "To put it another way, procedural unconscionability focuses on the oppressiveness of the stronger party's conduct." *Mercuro v. Sup. Ct.*, 96 Cal.App.4th 167, 174 (2002). "Oppression[,]" in turn, "arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Serafin v. Balco Props. Ltd., LLC*, 235 Cal.App.4th 165, 177 (2015).

An arbitration agreement that is imposed on a take-it-or-leave-it condition of continued employment is oppressive and generally satisfies the procedural portion of

the unconscionability test for all but "the most sought-after employees." *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1071(2003), quoting *Armendariz*, 24 Cal.4th at 115. This is because "the economic pressure exerted by the employer on all but the most sought-after employees may be particularly acute," particularly in the context of an ongoing employer-employee relationship. *Ibid; see also NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978) [discussing danger of intimidation with respect to current employees].

Here, any agreement purportedly signed by Plaintiff would unquestionably constitute a contract of adhesion. There can be no dispute that Defendants required employees to submit to the arbitration policy as an explicit condition of employment. The agreement states, "THIS POLICY IS A MANDATORY CONDITION OF BEING EMPLOYED OR CONSIDERED FOR EMPLOYMENT WITH THE COMPANY." Furthermore, the mandatory nature of this policy was repeated at the end of the purported agreement when stating, "[t]his policy is mandatory and binding on all current and former employees and applicants for employment, *regardless of whether you sign or acknowledge this policy*."

Thus, on its face the Agreement clearly establishes oppression, as it was foisted upon employees as a mandatory condition of employment. "A nonnegotiable contract of adhesion in the employment context is procedurally unconscionable." *Ajamian v. CantorCO2e, L.P.*, 203 Cal.App.4th 771, 794 (2012); *De Leon v. Pinnacle Prop. Mgmt. Servs., LLC*, 72 Cal.App.5th 476, 485 (2021) ["In the employment context, an arbitration agreement that is an essential part of a 'take it or leave it' employment condition, without more, is procedurally unconscionable."]. Even on its own, such oppression is enough to establish procedural unconscionability. *See Nguyen v. Applied Med. Resources Corp.*, 4 Cal.App.5th 232, 246 (2016) [recognizing that contracts of adhesion "contain a degree of procedural unconscionability even without any notable surprises, and bear with them the clear danger of oppression and overreaching"].

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

**2.     The Purported Arbitration Agreement Is Undoubtedly Substantively Unconscionable**

"Substantive unconscionability" refers to terms that unreasonably favor one party. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal.4th 1109, 1145 (2013). Though California courts have used different formulations for its standard (e.g., "overly harsh," "unduly oppressive," so one-sided as to "shock the conscience," etc.), all are essentially the same: they are concerned not with a "simple old-fashioned bad bargain" but with terms that are "unreasonably favorable to the most powerful party." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 911(2015).

**a)     The purported Agreement's provisions mirror those found highly unconscionable in *Cook v. University of Southern California.***

Defendants' Motion should be denied because the purported agreement is highly unconscionable as a matter of law pursuant to the Court of Appeal's recent decision in *Cook v. University of Southern California* 102 Cal.App.5th 312 (2024). In *Cook*, the court concluded that the defendant's arbitration agreement unconscionable and unenforceable for three reasons: (1) the broad scope of the agreement, (2) the infinite duration, and (3) the lack of mutuality in the claims covered by the agreement. *Cook*, Cal.App.5th at 320. Defendants' purported Agreement at issue here contains provisions equally egregious to those found in *Cook*, rendering it void and unenforceable.

**(1)     Overbroad Scope**

By its express terms, the purported agreement requires employees to arbitrate "[*a]ny* controversy or dispute between [Plaintiff] and the Company, *or its current or former officers, agents or employees*." (emphasis added). Like in *Cook*, the plain language of the agreement requires Plaintiff to arbitrate claims that are unrelated to her employment with Defendant. *Cook*, 102 Cal.App.5th at 321. For example, the terms of the agreement require that—as a condition of her employment with

Defendant—Plaintiff "must give up the right to ever sue a [Five Below] employee in court for defamatory statements or other claims that are completely unrelated" to her employment. *Id.* The court in *Cook* found that where the terms of the agreement did not expressly limit the arbitrable claims to those arising out of or relating to the plaintiff's employment and/or termination, the agreement's broad scope is substantively unconscionable. *Id.* at 325.

### (2)   Infinite Duration

An agreement is substantively unconscionable if it survives indefinitely following the employee's termination. *Cook*, 102 Cal.App.5th at 325. Here, it is clear Defendants intend the purported agreement to apply to "all past, present, and future Claims between the Company and [Plaintiff]". This clause clearly contemplates an enforcement process that extends well beyond Plaintiffs' term of employment, especially because the claims are *not* limited to those arising out Plaintiff's employment. As such, this is far longer than a "reasonable period of time." It is substantively unconscionable for these overbroad terms to be indefinitely enforceable against Plaintiff.

### (3)   Lack of Mutuality

In analyzing the substantive unconscionability of employment contracts, the "paramount consideration" is "mutuality." *Alberto v. Cambrian Homecare*, 91 Cal.App.5th 482, 492 (2023). This is because "it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee[.]" *Armendariz*, 24 Cal.4th at 117. Such one-sided coverage is unconscionable. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1173 (9th Cir. 2003) (finding unconscionable and "exceedingly disingenuous" an arbitration agreement where "the only claims realistically affected by an arbitration agreement . . . are those claims employees bring against their employers."); *accord Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1030 (9th Cir. 2016).

The purported arbitration agreement is not mutual for three reasons. First, *Cook v. Univ. of S. California*, states that an arbitration agreement is unconscionably nonmutual if it forces a party to arbitrate any and all claims she may have against an employer "or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise," but does not require these nonsignatories to arbitrate their claims against the employee. *Cook v. Univ. of S. California*, 102 Cal. App. 5th 312, 348 (2024).

Here, the purported agreement does not require Defendants' current or former officers, agents or employees to arbitrate their claims against Plaintiff—nor could Plaintiff realistically compel them to arbitration if it did. Like in *Cook*, the purported agreement provides benefits to multiple nonsignatory third-party beneficiaries only in favor of Defendants without justification for such an arrangement. Per the terms of the agreement, Plaintiff is being required to give up the ability to ever bring claims in court against an employee of Defendant that are unrelated to Defendant or her employment, but there is nothing stopping one of Defendant's officers from taking Plaintiff to court for libel. These terms are not mutual and establish a high degree of substantive unconscionability.

Indeed, the Supreme Court of California recently adopted this holding in *Cook*, stating "[b]ut 'nothing in Armendariz supports the conclusion that the presence of a modicum of bilaterality renders an agreement per se conscionable.  The presence of a modicum of bilaterality will not save a clause that is, in practical effect, unjustifiably one sided.'" *Ramirez v. Charter Communications, Inc.*, 16 Cal. 5th 478, 498-499 (2024) ; citing to and quoting *Cook v. Univ. of S. California*, 102 Cal. App. 5th 312 (2024).

Plaintiff is therefore precluded from exercising her supposed rights, while Defendants enjoy those same rights to the fullest. The end result is an agreement that only ostensibly grants rights to Plaintiff but is actually one-sided. Such one-sidedness

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

is a cornerstone of substantive unconscionability. This agreement is not saved by a "modicum of bilaterality." *Armendariz*, *supra*, 24 Cal.4th at 90. Thus, as in *Cook*, the entire agreement is permeated with substantive unconscionability.

                **b)**        **The purported wholesale waiver of representative PAGA standing is illegal and substantively unconscionable.**

The proffered agreement further reflects manifest substantive unconscionability in that it contains a purported waiver of employees' right to bring representative claims under PAGA. The Supreme Court's ruling in *Viking River* did not alter the fundamental rule under California law that "an employee's right to bring a PAGA action is unwaivable." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 383 (2014); *see also Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906, 1924–25 (2022).) "As a result, employment agreements waiving an employee's right to assert a PAGA claim in a judicial forum are unenforceable." *Oswald v. Murray Plumbing and Heating Corp.*, 82 Cal.App.5th 938, 943 (2022).

Here, the agreement purports to waive the employee's right to bring claims against Defendants in any "purported class or collective proceeding" and "any purported representative proceeding or action, including any claims brought as a Private Attorney General, or otherwise participate in any such representative proceeding or action." "Both before and after *Viking River Cruise*s, <u>blanket waivers of PAGA claims are unconscionable</u>." *Alberto*, 91 Cal.App.5th at 495 (emphasis added). The purported waiver here is thus substantively unconscionable

                **c)**        **The purported agreement improperly limits the delegation of the Class and PAGA Waiver.**

The purported agreement states, "[a]ny issue concerning the enforceability or validity of the class, collective, and representative action waivers in this Policy *must be decided by a court and not be an arbitrator*." Per the agreement, if the court determines that the class or PAGA waivers are not enforceable, "then any such class,

collective, representative, or private attorney general action must be litigated and decided *in a court of competent jurisdiction and not in arbitration*." It goes without question that class or representative actions are more likely to be brought by an employee, especially given that an employer has no right to a "PAGA Action" against Plaintiff, and thus only an employee would challenge the "validity of the class, collective, and representative action waivers". Therefore, the delegation clause is unconscionable as it is only applicable to the determination of claims Plaintiff could bring against Defendant—without reciprocity. Moreover, by requiring that class and PAGA claims not subject to waiver be litigated, Defendant unilaterally carves out the types of claims it wants to have heard before a court without justification—but for, what would be in Defendant's best interest as the drafting party. As such, these terms are non-mutual and unconscionable.

**B.     The Purported Arbitration Agreement Cannot Be Salvaged by Severing Any Particular Terms**

The Supreme Court recently clarified that "a court is not *required* to sever or restrict an unconscionable term in an agreement…." *Ramirez v. Charter Communications, Inc.*, 16 Cal.5th 478, 516 (2024). Rather, "a court should ask whether 'the central purpose of the contract is tainted with illegality.'" *Id.*, citations omitted. "If so, the contract cannot be cured, and the court should refuse to enforce it." *Ibid.* Even if the central purpose is not tainted with illegality, "the court should go on to ask first whether the contract's unconscionability *can* be cured through severance or restriction of its terms…" *Ibid.*, citations omitted. "If the unconscionability cannot be cured by extirpating or limiting the offending provisions, but instead requires *augmentation* to cure the unconscionability, then the court should refuse to enforce the contract." *Ibid.*, citations omitted, emphasis added. "Courts cannot rewrite agreements and impose terms to which neither party has agreed." *Ibid.,* citations omitted.

The central purpose of the document is three-fold: (1) to have this matter

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

adjudicated in the arbitral forum (instead of court); (2) for the adjudicator to be one arbitrator (instead of a jury or multiple arbitrators); and (3) for the arbitrator to fashion any award he or she feels warranted for the individual claim (instead of being required to follow applicable law).  The third prong of the purpose *is highly illegal* in its attempt to alter statutory authority by private agreement.

In fact, it is so central that there is no single provision or language that, if severed, would cure the illegality.  If the offending language were severed, then the entirety of Paragraphs 2 and 8 of the document would have to be removed.  The Court would therein have to fill in its own terms for the scope of  arbitration, rewrite the mutuality of the agreement and write in the duration of the agreement because neither the duration or the scope is limited to Plaintiff's employment.  In other words, the Court would have to rewrite the document and alter the bargain struck by the drafter; the Court is *not* in the province of rewriting "agreements" by private parties.  Thus, the Court cannot cure the taint of illegality because it is central to the documents purpose curing would require reformation. Thus, the document cannot be enforced.

"Even if a contract *can* be cured, the court should also ask whether [it] *should* be cured…." *Charter,* citing *Armendariz*, 24 Cal.4th at 124. "This part of the inquiry focuses on whether mere severance of the unconscionable terms would function to condone an illegal scheme and whether the defects in the agreement indicate that the stronger party engaged in a systematic effort to impose arbitration on the weaker party *not simply as an alternative to litigation*, but to secure a forum that works to the stronger party's advantage." *Ibid.* (emphasis added).  "If the answer to either question is yes, the court should refuse to enforce the agreement." *Ibid.*

Here, the arbitral forum is *not* just an alternative to litigation.  Rather, it strips employees of statutory protections such as punitive damages and statutory attorneys' fees, while exposing them to payment of exorbitant amounts of attorneys' fees and costs unique to arbitration to which they would otherwise never be exposed.  This severely prejudices the employee and, thus, even if the Court were to find it *could*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

technically find a way to sever terms to make the document less unconscionable, pursuant to the express mandate of the California State Court, it *should not do so.*

## IV.   **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety and permit Plaintiff to proceed with litigation of all of her claims herein.

Dated: May 29, 2025                    BIBIYAN LAW GROUP, P.C.


                                       BY: */s/ Lizette Rodriguez*
                                              DAVID D. BIBIYAN
                                              SARAH H. COHEN
                                              LIZETTE RODRIGUEZ
                                       Attorneys for Plaintiff Blanca Brenes, on behalf of herself and all others similarly situated

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION