**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLANCA BRENES, | Case No. 1:25-cv-00401 JLT FJS |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL ARBITRATION AND TO DISMISS |
| v. | (Doc. 11) |
| FIVE BELOW, INC., et al., | |
| Defendants. | |

Five Below, Inc. has demonstrated that plaintiff Blanca Brenes agreed an arbitrator would decide whether she must submit her claims in this lawsuit to arbitration. Five Below's motion to compel arbitration and dismiss this case (Doc. 11) is therefore **GRANTED**.

**BACKGROUND**

Brenes alleges Five Below deprived her and other similarly situated employees of wages, meal breaks, and rest breaks, among other similar violations of the California Labor Code and Unfair Competition Law. (*See* Doc. 1-1 at 6–8, 11–19.) She filed this case as a proposed class action in state court (*see id.* at 1), and Five Below removed the case to this court under the Class Action Fairness Act (Doc. 1 at 3–13).

Five Below moves to compel arbitration of Brenes's claims on an individual basis, and it moves to dismiss or stay this case. (Doc. 11.) Its motion is based on evidence showing Brenes created an account in an online human resources system, then used that account to accept the

1

terms of a "Mutual Arbitration Policy." (Doc. 11-3 at 2–5.) That policy is a three-page, single-spaced document that requires individual arbitration of all "claims for wages and other compensation, . . . and claims for violation of any . . . state . . . law, state regulation, or ordinance," among others. (*Id.* at 7.) The policy states expressly, in all capital letters, that it is a mandatory condition of employment, that arbitration will be on an individual basis (not on a collective or class-wide basis), and that she waives the right to trial by a judge or jury in a court. (*Id.* at 7, 8.)

The arbitration policy also incorporates by reference the "JAMS Employment Arbitration Rules and Procedures." (*Id.* at 9.) Those rules give the arbitrator authority to resolve "arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought." (Doc. 11-2 at 10.) The arbitration policy thus includes, indirectly, a so-called "delegation provision," i.e., one that delegates "gateway" disputes about the policy's enforceability to the arbitrator rather than a court. *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999–1000 (9th Cir. 2021).

Brenes opposes the motion to compel arbitration. (Doc. 14.) She does not dispute that the arbitration policy covers her claims, nor that she accepted it, but she contends the policy is unconscionable and cannot be enforced as a matter of California law. (*See id.* at 5–14.) Briefing is complete, and the Court found a hearing was not necessary. (Docs. 15, 16.)

**DISCUSSION**

"Under Section 2 of the Federal Arbitration Act ('FAA'), an arbitration agreement 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023) (quoting 9 U.S.C. § 2). "The FAA limits federal court review of arbitration agreements to two gateway arbitrability issues: '(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue.'" *Id.* (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "Delegation provisions further limit federal court review by assigning these gateway questions to an arbitrator." *Id.*

A delegation provision is effective only if it "clearly and unmistakably" gives the

arbitrator authority to resolve the gateway disputes. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (emphasis omitted) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "The Ninth Circuit has held that incorporation of an arbitrator's arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Zelkind Flywheel Networks, Inc.*, No. 15-03375, 2015 WL 9994623, at *3 (N.D. Cal. Oct. 16, 2015) (citing *Brennan*, 796 F.3d at 1131 and *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074–75 (9th Cir. 2013)). As summarized above, Brenes does not dispute that she would be bound by the arbitration policy as a whole if it is enforceable, nor that the policy expressly incorporates the JAMS Employment Arbitration Rules and Procedures, including the delegation provision in Rule 11(b). The delegation provision is therefore enforceable unless Brenes demonstrates otherwise. *See Bielski*, 87 F.4th at 1009.

Although Five Below argued in its motion that its policy includes an enforceable delegation clause (Doc. 11-1 at 10–11), Brenes did not address that argument in her opposition. She does not refer to the delegation provision or to the JAMS Rules. Her unconscionability arguments are broad-based and do not target the delegation provision: she attacks the policy's scope, its duration, and its lack of mutuality; she argues the policy unlawfully waives representative actions; and she contends the policy is unfair because it ensures a court (rather than an arbitrator) will hear some types of enforceability disputes, but not others. (Doc. 14 at 8–12.) Although she uses the words "delegation" and "delegate," those references are part of her broader theory that the agreement as a whole is unconscionable because it is one-sided. (*Id.* at 11–12.) For these reasons, the Supreme Court's opinion in *Rent-A-Center, West, Inc. v. Jackson* is directly controlling and resolves the matter in favor of Five Below. *See* 561 U.S. 63, 73–74 (2010) (holding that arguments about "one-sided" arbitration agreements and other contentions that apply equally to the whole agreement are not specific to the delegation provision and thus cannot show a delegation clause is unenforceable).

In short, "a party resisting arbitration must mention that it is challenging the delegation provision and make specific arguments attacking the provision in its opposition to a motion to compel arbitration." *Bielski*, 87 F.4th at 1009. Brenes did not do this, so the Court must grant the

motion to compel arbitration without deciding whether the agreement is unconscionable on the whole.

If a court compels arbitration, it must also either stay or dismiss the action to allow arbitration proceedings to occur. *See* 9 U.S.C. §§ 3, 4. Five Below asks the Court to dismiss the action and requests a stay only in the alternative. (*See* Doc. 11-1 at 15.) The Court will therefore dismiss the action.

## CONCLUSION

The motion to compel arbitration (Doc. 11) is **GRANTED**. Plaintiff must arbitrate her claims against all defendants on an individual basis in proceedings before JAMS.

This action is **DISMISSED** without leave to amend. The Clerk's Office is instructed to close the case and enter judgment for Defendants.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

_____
UNITED STATES DISTRICT JUDGE